IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DAVID HAWKINS,**                                                                                      **PETITIONER**

**v.**                                          **CIVIL ACTION NO.: 4:13CV242-SA-DAS**

**WARDEN SAM WINCHESTER,**                                            **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the pro se petition of David Hawkins, Mississippi prisoner no. 154971, for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244, and Hawkins has responded. For the reasons set forth below, Respondent's motion is granted, and the instant petition will be dismissed with prejudice.

**Facts and Procedural History**

In November 2009, David Hawkins was convicted of four counts of touching a child for lustful purposes (Counts I, II, III, and IV) and one count of sexual battery (Count V) in the Circuit Court of Leflore County, Mississippi. He was sentenced to serve a term of imprisonment of two years on Counts I, II, III, and IV, and twenty years on Count V, with the sentences to run consecutively to each other. (*See* Mot. to Dismiss, Ex. A). The sentencing order noted that Hawkins' sentences were statutorily required to be served without the possibility of probation or parole. (*Id.*).

Hawkins appealed his convictions and sentences to the Mississippi Supreme Court, which assigned his case to the Mississippi Court of Appeals. The Mississippi Court of Appeals affirmed Hawkins' convictions and sentences. (*See* Mot. to Dismiss, Ex. B); *see also Hawkins v.*

1

*State*, 90 So. 3d 116 (Miss. Ct. App. 2012), *reh'g denied*, June 12, 2012 (Cause No. 2010-KA-00136-COA). On or about July 5, 2012, Hawkins attempted to seek certiorari review with the Mississippi Supreme Court. (*See* Reply, Ex. B). His petition was dismissed as untimely filed by order entered September 13, 2012. (*See* Mot. to Dismiss, Ex. C; *see also* Ex. D).

By application signed on August 28, 2013, Hawkins sought permission from the Mississippi Supreme Court to proceed in the trial court with a motion for post-conviction collateral relief. (*See* Mot. to Dismiss, Ex. E). The State Supreme Court denied Hawkins' application by order filed on October 17, 2013. (*See* Mot. to Dismiss, Ex. F). Thereafter, Hawkins filed the instant petition for federal habeas relief. Hawkins' federal habeas petition was stamped "filed" in this Court on November 8, 2013. (*See* ECF no. 1).

On January 16, 2014, Respondent filed a motion to dismiss the instant action, arguing that Hawkins' petition is untimely under 28 U.S.C. § 2244(d). In response, Hawkins argues that his petition is timely filed, as he timely complied with the State court deadlines that served to toll the federal limitations period.

**Legal Standard**

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondent's motion should be granted turns on the statue's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

2

review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

**Discussion**

The parties in this case dispute when Hawkins' judgments became "final" for purposes of the federal statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A). Respondent maintains that because Hawkins failed to timely seek a writ of certiorari with the Mississippi Supreme Court, his convictions and sentences became final on June 26, 2012 - fourteen days after his motion for rehearing was denied. Hawkins argues that his petition for writ of certiorari was timely, thereby delaying the date on which his convictions and sentences became final. He alleges that he mailed his petition for writ of certiorari to the Mississippi Supreme Court on July 5, 2012, which was within fourteen days of the date on which he received notice of the denial of his motion for rehearing from the Mississippi Court of Appeals. (*See* Reply, Exs. A and B). The certiorari

3

petition was dismissed by order filed September 13, 2012. (*See* Reply, Ex. C). Hawkins argues that the only reason his petition for writ of certiorari was deemed untimely is because the Mississippi Supreme Court refused to apply the mailbox rule[1] to his petition. He maintains, therefore, that his convictions and sentences did not become "final" for purposes of § 2244 until fourteen days after the Mississippi Supreme Court denied his motion to reconsider the denial of his petition for writ of certiorari on September 24, 2012.

According to Mississippi law, Hawkins had fourteen days after the denial of his petition for rehearing was **entered** to file a petition for writ of certiorari with the Mississippi Supreme Court. *See* Miss. R. App. P. 17(b). Therefore, the denial of rehearing became effective on the date it was entered, not the date on which it was signed nor the date it was allegedly received by Hawkins. *See, e.g., Crutcher v. Cockrell*, 301 F.3d 656, 657 (5th Cir. 2002) (finding that section "2244(d)(1)(A) looks to when a judgment becomes final, not when petitioner becomes aware that the judgment is final"). The denial of rehearing was entered on June 12, 2012. (*See* Mot. to Dismiss, Ex. B). According to Hawkins, he did not mail his petition for writ of certiorari until July 5, 2012. (*See* Reply, Ex. B).

Because Hawkins did not timely seek a writ of certiorari with the Mississippi Supreme Court, his convictions and sentences became final fourteen days after his motion for rehearing was denied, which was June 26, 2012 (June 12, 2012, plus 14 days).[2] *See* Miss. R. App. P. 17(b); *see also See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that a

---

[1] *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (holding that the "mailbox rule" deems a pro se prisoner's federal petition filed on the date it is delivered to prison officials for mailing).

[2] The exceptions in § 2244(d)(1)(B-D) are inapplicable in this case.

4

judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review"). Therefore, unless Hawkins filed a "properly filed" application for post-conviction relief to toll the federal limitations period on or before June 26, 2013, his petition is untimely. *See, e.g., Grillette v. Warden*, 372 F.3d 765, 769 (5th Cir. 2004).

Hawkins did not file an application for post-conviction relief in State court until August 28, 2013, which is beyond the expiration of the federal limitations period. Accordingly, Hawkins is not entitled to statutory tolling for the pendency of his State post-conviction petition. Hawkins' federal habeas petition was not filed until sometime between the date it was signed on November 7, 2013, and the date it was received in this Court, November 8, 2013. *See Coleman*, 184 F.3d at 401 (holding that the "mailbox rule" deems a pro se prisoner's petition filed on the date it is delivered to prison officials for mailing). As his federal habeas petition was filed well after the expiration of the June 26, 2013, deadline, federal habeas relief is available to Hawkins only if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant an equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

In his reply brief, Hawkins states that he does not need to cite rare and exceptional circumstances that would warrant equitable tolling, as his petition was timely field. (*See, e.g.*, Reply, p.9). Having determined that Hawkins has filed an untimely petition, however, the Court determines whether he is entitled to equitable tolling based on his misunderstanding of when his judgment became final for purposes of the federal statute of limitations. It concludes that Hawkins' misunderstanding of the law is an insufficient reason to warrant equitable tolling. *See Felder*, 204 F.3d at 172 & n.10; *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (equitable

tolling is not required simply because a petitioner is unfamiliar with the law, is unrepresented, or is illiterate). Rather, equitable tolling is available "if the [petitioner was] actively misled by the defendant about the cause of action or [was] prevented in some extraordinary way from asserting his rights." *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citations omitted). In this case, there is no reason to conclude that either circumstance is applicable to Hawkins' delay. Therefore, the Court finds equitable tolling is not warranted, and the instant petition must be dismissed as untimely.

## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner. Hawkins must obtain a COA before appealing this Court's decision denying federal habeas relief, which he may do only if he "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(1) and (2). Because Hawkins' petition for writ of habeas corpus is rejected solely on procedural grounds, Hawkins must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" in order to obtain a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied in this case.

## Conclusion

The Court **GRANTS** Respondent's "Motion to Dismiss Pursuant to § 2244(d)" (doc. no. 11) and **DISMISSES WITH PREJUDICE** the petition filed in this cause. For the reasons set

forth in this opinion and order, the Court further **ORDERS** that a certificate of appealability be **DENIED**, as Hawkins failed to show his petition timely and to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). All pending motions are **DISMISSED AS MOOT**. A separate judgment in accordance with this opinion and order will be entered today.

    **SO ORDERED** this the 17th day of March, 2014.

                                              **/s/ Sharion Aycock**
                                              **U.S. DISTRICT JUDGE**